# THE FERRARA LAW FIRM

**LAWYERS HELPING PEOPLE SINCE 1972**

Michael A. Ferrara, Jr., Esquire+
Niki A. Trunk, Esquire

+Certified by The Supreme Court Of New Jersey as a Certified Civil Trial Attorney

+Board Certified in Civil Trial Law By The National Board of Trial Advocacy

All Attorneys Are Admitted to Practice in New Jersey and Pennsylvania.

601 Longwood Avenue
Route 38 & Longwood Avenue
Cherry Hill NJ 08002

Phone: 856.779.9500
Toll Free 877.NJLEGAL
Fax: 856.661.0369

Website: www.ferraralawfirm.com

mferrara@ferraralawfirm.com
ntrunk@ferraralawfirm.com

December 11, 2006

United States District Court
Eastern District of Pennsylvania
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

RE:  Stephen Minnis vs. Yum Brand, Inc. et al.
     **Docket No.:  06-5392**

Dear Sir/Madam:

Enclosed please find an original and five copies of the First Amended Complaint and Civil Cover Sheet.

Please file and return a conformed copy to us in the enclosed self addressed and stamped envelope.

Thank you for your continued courtesies.

Cordially,

THE FERRARA LAW FIRM, LLC

Michael A. Ferrara, Jr.

MAF/mlz
Enclosures

cc:  Stephen Minnis
     William D. Marler, Esquire

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.

**(a) PLAINTIFFS**
Stephen Minnis

**DEFENDANTS**
Yum Brands, Inc., d/b/a Taco Bell a North Carolina Corporation; Boskovich Farms, Inc., a California Corporation; Ready Pac Produce, Inc., a California Corporation.

**(b)** County of Residence of First Listed Plaintiff  Montgomery County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
The Ferrara Law Firm, Michael A. Ferrara, Jr., 601 Longwood Avenue, Cherry Hill, New Jersey 08002

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Med. Malpractice | ☐ 625 Drug Related Seizure     28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |      Liability  ☒ 365 Personal Injury - |      of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|     & Enforcement of Judgment |      Slander  ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |      Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |      Liability      Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|     Student Loans | ☐ 340 Marine  **PERSONAL PROPERTY** |     Safety/Health | | ☐ 490 Cable/Sat TV |
|     (Excl. Veterans) | ☐ 345 Marine Product  ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |      Liability  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |      Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle      Property Damage |     Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |      Product Liability  ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |     12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |      Injury |     & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment      Sentence | ☐ 791 Empl. Ret. Inc. |     or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/  **Habeas Corpus:** |     Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |      Accommodations  ☐ 530 General | |     26 USC 7609 |     Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | | |     Under Equal Access |
| |      Employment  ☐ 550 Civil Rights | | |     to Justice |
| | ☐ 446 Amer. w/Disabilities -  ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| |      Other | | |     State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Plaintiff alleges breach of warranty, product liability and negligence claims for E. Coli contamination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE 12/11/06
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Stephen Minnis,

    Plaintiff,

                                                                          : CIVIL ACTION NO.: 06-5392

            v.

YUM BRANDS, Inc., d/b/a Taco Bell a North Carolina Corporation;

BOSKOVICH FARMS, INC., a California Corporation, and

READY PAC PRODUCE, INC., a California Corporation,

    Defendants.

                                                        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| December 11, 2006 | Michael A. Ferrara, Jr. | |
|---|---|---|
| **Date** | **Attorney for Plaintiff** | |
| 856.779.9500 | 856.661.0369 | mferrara@ferraralawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Case 2:06-cv-05392-WY   Document 2   Filed 12/11/06   Page 6 of 15

Address of Plaintiff: _563 Swamp Pike, Schwenksville, Pennsylvania 19473_

Address of Defendant: _Yum Brand, Inc., North Carolina; Boskovich Farms, Inc., Oxnard, California; and Ready Pac Produce, Inc., a California Corporation_

Place of Accident, Incident or Transaction: _Taco Bell, East Philadelphia Avenue, Gilbertsville, Pennsylvania_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _Michael A. Ferrara, Jr., Esquire_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $ 150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **December 11, 2006**       _____       _# 0459_
                                  Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____       _____       _____
                           Attorney-at-Law                Attorney I.D.#

CIV. 609 (4/03)

**MARLER CLARK, L.L.P., P.S.**
William D. Marler, Esquire
701 Fifth Avenue, Suite 6600
Seattle, WA  98104
Telephone:  206.346.1890
Facsimile:  206.346.1898
bmarler@marlerclark.com


**THE FERRARA LAW FIRM, LLC**
Michael A. Ferrara, Jr., Esquire, 0459
Niki A. Trunk, Esquire, 7449
601 Longwood Avenue
Cherry Hill, NJ  08002
Telephone:  856.779.9500
Facsimile:   856.661.0369
mferrara@ferraralawfirm.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN MINNIS, <br><br> Plaintiff, <br><br> v. <br><br> YUM BRANDS, Inc., d/b/a Taco Bell a North Carolina Corporation; <br><br> BOSKOVICH FARMS, INC., a California Corporation; and <br><br> READY PAC PRODUCE, INC., a California Corporation, <br><br> Defendants. | CIVIL ACTION NO.:  06-5392 <br><br><br><br><br> **FIRST AMENDED COMPLAINT** |

Stephen Minnis, residing at 563 Swamp Pike, Schwenksville, Pennsylvania says:

## PARTIES

1. Plaintiff, Stephen Minnis, at all relevant times material hereto, was and remains a resident of Montgomery County, Pennsylvania.

2. The Defendant YUM BRANDS INC. d/b/a Taco Bell (hereinafter referred to as "Taco Bell"), is a North Carolina corporation with its principal place of business in Kentucky. The defendant Taco Bell owned and operated the Taco Bell restaurant located on East Philadelphia Avenue in Gilbertsville, Montgomery County, Pennsylvania. The defendant Taco Bell, at all times material hereto, was carrying on its ordinary course of business of the manufacture, preparation, service and sale of food to the restaurant customers at that location in Montgomery County.

3. The Defendant BOSKOVICH FARMS, INC., is a California Corporation with a principal place of business in Oxnard, California. The defendant BOSKOVICH FARMS, INC., at all times material hereto was carrying on in its ordinary course of business of the growing, shipping, wholesaling and brokerage of green onions to restaurant customers in Montgomery County, Pennsylvania, and elsewhere.

4. The Defendant READY PAC PRODUCE, INC., is a California Corporation with a principal place of business in Irwindale, California. The defendant READY PAC PRODUCE, INC., at all times material hereto, carried on in its ordinary course of business the processing, manufacture, packaging, and sale of green onions to defendant Taco Bell restaurants nationally, including defendant Taco Bell locations in Montgomery County, Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, diversity of citizenship, because Stephen Minnis is a resident of Pennsylvania, and the defendants principal places of business are outside of Pennsylvania, and the amount in controversy exceeds SEVENTY FIVE THOUSAND ($75,000.00) Dollars, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the plaintiff resides in this district, and the defendants engaged in substantial business in this district.

## FACTS

### Outbreak

7. To date, the Centers for Disease Control and Prevention have reported 61 confirmed cases of *E. coli* O157:H7 infection linked to green onions manufactured, processed, and sold by Defendants. The known victims are from 5 states: New York (21), New Jersey (28), Pennsylvania (9), Delaware (2), South Carolina (1). State health officials are currently investigating the relationship of hundreds of other illnesses to this outbreak.

8. Outbreaks of foodborne diseases associated with green onions are not a new phenomenon. In fact, green onions sourced from the defendant Boskovich Farms were implicated in the 2003 hepatitis A outbreak that sickened over 600 people, killing four, at a Chi Chi's Mexican restaurant in Beaver, Pennsylvania; similarly, green onions from the defendant Taco Bell's restaurants were implicated in a 2000 hepatitis A outbreak in Florida, Kentucky, and Nevada that sickened dozens of people.

## **The Plaintiff's Illness**

9. On November 25, 2006, the plaintiff's wife, Chandradaye Minnis, purchased food for the plaintiff, herself, and the plaintiff's brother at the Taco Bell located on East Philadelphia Avenue in Gilbertsville, Montgomery County, Pennsylvania. The food that the plaintiff, Stephen Minnis, consumed on November 25, 2006 from Taco Bell was contaminated with *E. coli* O157:H7.

10. The plaintiff's gastrointestinal illness began in the early morning hours of November 28, 2006. Symptoms consisted of nausea, fatigue, and abdominal cramps. Violent bouts of diarrhea began the same day, and soon the bouts of diarrhea contained blood.

11. Symptoms continued and worsened over the course of the next several days. On December 3, 2006, the plaintiff's wife drove him to the emergency department at Pottstown Memorial Hospital, where plaintiff was treated with intravenous fluids and muscle relaxants to address the painful cramps.

12. Symptoms continued, and the plaintiff was forced back to the emergency department at Pottstown Memorial Hospital on December 5, 2006. Again the plaintiff received intravenous fluids and morphine. Plaintiff delivered a stool sample, and he underwent a series of tests, including a CT scan of the abdomen. He was discharged the morning of December 6, 2006.

13. Plaintiff remains ill with gastrointestinal symptoms, including abdominal cramps, diarrhea, and fatigue. Plaintiff's stool test ultimately returned positive for *E. coli* O157:H7, and he has had follow-up medical attention with his primary physician.

## COUNT ONE

### BREACH OF WARRANTY

14. Plaintiff incorporates by reference and makes a part of this Count each and every foregoing paragraph of this Complaint.

15. The defendants are manufacturers, distributors, and sellers of an adulterated food product, and the adulterated food product reached the plaintiff without substantial change from the condition in which the defendants sold it.

16. The defendants are subject to liability to the plaintiff for their breach of express and implied warranties made with respect to the contaminated food product sold to plaintiff, including the implied warranties of merchantability and of fitness for a particular use. Specifically, the defendants expressly warranted, through their sale of food to the public, and by the statements and conduct of their employees and agents, that the food sold to the plaintiff was fit for human consumption, and not otherwise adulterated or injurious to health.

17. The plaintiff alleges that the food sold by the defendants and consumed by plaintiff, which was contaminated with *E. coli* O157:H7 and related filth and adulteration, would not pass without exception in the trade, and was thus in breach of the implied warranty of merchantability.

18. The plaintiff further alleges that the contaminated food sold by the defendants and consumed by the plaintiff was not fit for the uses and purposes intended by the plaintiff or the defendants, *i.e.*, human consumption, and that this product was therefore in breach of the implied warranty of fitness for its intended use.

19.     As a direct and proximate result of the breaches of warranty by defendants and their agents, servants, and/or employees, plaintiff suffered the injuries, damages, and losses set forth more fully above.

## COUNT TWO

## STRICT LIABILITY

20.     Plaintiff incorporates by reference and makes a part of this Count each and every foregoing paragraph of this Complaint.

21.     The defendants owed a duty to the plaintiff to manufacture, process, pack, ship and sell food that was not adulterated, was fit for human consumption, was reasonably safe in construction, and was free of pathogenic viruses or other substances injurious to human health. The defendants breached this duty.

22.     The defendants owed a duty to the plaintiff to provide adequate warnings about the non-obvious danger of their food products, including warnings and instructions indicating that the food might contain pathogenic viruses, including *E. coli* O157:H7. The defendants breached this duty.

23.     The defendants owed a duty to the plaintiff to prepare, serve, and sell food that was fit for human consumption, and that was safe to the extent contemplated by a reasonable and ordinary consumer. The defendants breached this duty.

24.     Because the food that the defendants manufactured, processed, packed, shipped, and sold to the plaintiff was adulterated, not fit for human consumption, not reasonably safe in design and construction, lacked adequate warnings and instructions, and was unsafe to an extent beyond that contemplated by the ordinary consumer, the defendants are liable to the plaintiff for the harm proximately flowing from the plaintiff's

consumption of defendants' contaminated and adulterated food products, and as such the defendants are strictly liable to the plaintiff for such harm, injuries, damages, and losses set forth more fully above.

25.  As a direct and proximate result of the conduct by defendants and their agents, servants, and/or employees, plaintiff suffered the injuries, damages, and losses set forth more fully above.

## COUNT THREE

### NEGLIGENCE

26.  Plaintiff incorporates by reference and makes a part of this Count each and every foregoing paragraph of this Complaint.

27.  The defendants had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of the food in their retail food establishments, including the applicable provisions of the federal Food, Drug and Cosmetic Act, and similar Pennsylvania food and public health statutes, including without limitation the provisions of the Food Act as 31 Pa. C.S. § 20.3, all of which prohibit processing, manufacture, packaging and sale of any food that is adulterated or otherwise injurious to health.

28.  The food that defendants processed, manufactured, packaged and sold, and that the plaintiff eventually consumed, was adulterated within the meaning of the federal Food, Drug and Cosmetic Act and similar Pennsylvania statutes because it contained a deleterious substance that rendered it injurious to health, *i.e.*, *E. coli* O157:H7 bacteria.

29.     The defendants violated federal, state, and local food safety regulations by their processing, manufacture, packaging and sale of adulterated food. These federal, state, and local food safety regulations are applicable here, and establish a positive and definite standard of care in the processing, manufacture, packaging and sale of food. The violation of these regulations constitutes negligence.

30.     The plaintiff is in the class of persons intended to be protected by these statutes and regulations, and plaintiff was injured as the direct and proximate result of the defendants' violation of applicable federal, state, and local food safety regulations.

31.     The defendants were negligent in the processing, manufacture, packaging, distribution, and sale of a food product that was adulterated with *E. coli* O157:H7, not fit for human consumption, and not reasonably safe because it failed to provide adequate warnings or instructions.

32.     Defendants were also negligent in one or more of the following:

    a.  in failing to use supplies and raw materials in producing their food that were in compliance with applicable federal, state, and local laws, ordinances and regulations;

    b.  in failing to use supplies and raw materials in producing their food that were from reliable sources;

    c.  in failing to use supplies and raw materials in producing their food that were clean, wholesome, free from adulteration, and fit for human consumption;

    d.  in negligently selecting or retaining their suppliers, or other agents or subcontractors;

    e.  in failing to adequately supervise their suppliers, or other agents or subcontractors or failing to provide them with adequate standards;

    f.  in failing to properly supervise, train, discipline and monitor their employees, or the employees of their agents or

subcontractors, engaged in the preparation and sale of its food products, to ensure compliance with the defendant's operating standards or with all applicable health regulations; and

       g.    in failing to properly supervise, train, and monitor employees engaged in the manufacture, preparation, and delivery of the food product ultimately sold to the public and plaintiff.

33.    As a direct and proximate result of the conduct of defendants and their agents, servants, and/or employees, plaintiff suffered the injuries, damages, and losses set forth more fully above.

WHEREFORE, as to each Count, the plaintiff requests judgment against the defendants, jointly and severally, for compensatory damages together with costs and disbursements of this action, and such other relief as appears reasonable and just.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury of up to twelve for limited purposes, pursuant to the Rule of Court.

**THE FERRARA LAW FIRM, LLC**
601 Longwood Avenue
Cherry Hill, New Jersey 08002
Telephone: 856.779.9500
Attorney for Plaintiff

By: _____
    Michael A. Ferrara, Jr.

**MARLER CLARK, LLP, PS**
William D. Marler, Esquire
701 Fifth Avenue, Suite 6600
Seattle, Washington 98104
Telephone 206.346.1890
Attorney for Plaintiff